1 | Gary A. Clark (CA Bar No. 65455)
gclark@sheppardmullin.com
2 | Darren M. Franklin (CA Bar No. 210939)
dfranklin@sheppardmullin.com
3 | SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
4 | Los Angeles, California 90071-1422
Telephone: (213) 620-1780
5 | Facsimile: (213) 620-1398

6 | Attorneys for Plaintiff MAURY MICROWAVE, INC.

7 | Michael R. Annis (*pro hac vice* pending)
mike.annis@huschblackwell.com
8 | Robert Haldiman ((*pro hac vice* pending)
bob.haldiman@huschblackwell.com
9 | HUSCH BLACKWELL LLP
190 Carondelet Plaza, 6th Floor
10 | St. Louis, Missouri 63105
(314) 480-1500
11 | Facsimile: (314) 480-1505

12 | Stephen M. Lobbin (CA Bar #181195)
sml@eclipsegrp.com
13 | Travis J. Burch (CA Bar #216175)
tjb@eclipsegrp.com
14 | THE ECLIPSE GROUP, LLP
1920 Main Street, Suite 150
15 | Irvine, California 92614
Telephone: (949) 851-5000
16 | Facsimile: (949) 851-5051

17 | Attorneys for Defendant FOCUS MICROWAVES, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MAURY MICROWAVE, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FOCUS MICROWAVES, INC., a Canadian Corporation also known as Focus Micro Ondes Inc.,<br><br>Defendant. | Case No. CV 10-3902 MMM (JCGx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><u>Discovery Document</u> - Referred to Magistrate Judge Jay C. Gandhi |

The Court hereby **ORDERS** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, and all persons acting in concert or participation with them—shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any "Confidential Information" shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2. "Confidential Information" is defined as "Litigation Materials" that would disclose: (a) information that a party is obligated to treat as confidential pursuant to an agreement with a non-party; (b) "trade secrets" of a party; or (c) confidential research, development, or commercial information of a party. Confidential Information includes original information having a confidentiality designation, and any copy, derivative or abstract, as well as any notes, briefs, or references for which that information is the source.

3. "Litigation Materials" is defined as information of any kind that becomes part of the record of these proceedings, is provided by any party in the course of discovery, or is otherwise disclosed in these proceedings pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or a Court order, and which can include documents, things, or testimony.

4. A "trade secret" is defined as information that:

    a. derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable via proper means

      by, other persons who can obtain economic value from its disclosure or use; and

    b.  is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

5. Examples of "trade secrets" include:

    a.  marketing, financial, service and strategic plans, including proposed or draft advertising or packaging, marketing budgets and proposals, proposed or suggested price changes, and anticipated or projected production volumes and sales;

    b.  market analyses and projections, including product focus group studies;

    c.  financial information, including manufacturing costs and profits;

    d.  customer and distributor information, including customer and distributor lists, and customer and distributor leads and contacts;

    e.  technical information, including manufacturing processes or drawings reflecting processes and tolerance limits, engineering drawings, clinical trials and notebooks relating to future or other developments not yet incorporated into a product and product specifications or technical specifications; and

    f.  current or future patent prosecution information.

6. Any Litigation Materials that a producing party or person asserts constitute or contain Confidential Information must be so designated by such supplier by clearly and prominently marking the Litigation Materials "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." All such Litigation Materials marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be used only in accordance with the terms of this Stipulated Protective Order.

7. All Litigation Materials marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," and all information derived from such materials, shall be maintained in strict confidence by the receiving party and used by the receiving party solely in the preparation and trial of this action or any appeal from this action, and not for any other purpose. Except as herein provided, the receiving party shall not disclose or permit to be disclosed Litigation Material which is designated:

    a. "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to any person other than (1) the Court (including the judge, magistrate judge, any special master appointed by the Court, clerks and other Court personnel, and the jury), (2) the receiving party's outside counsel of record in this action, including their necessary support staff (such as paralegals, secretaries, and clerical personnel), (3) outside experts or consultants as defined in paragraph 9 below and pursuant to the provisions of paragraph 10 below, including necessary support personnel, (4) as to the designated document, its author, its addressee, and any other person indicated on the face of the document as having personally received a copy, (5) an officer or employee of the disclosing party in a deposition of that officer or employee, (6) stenographers and videographers engaged to transcribe and record depositions conducted in this action, (7) any outside document duplication, scanning, imaging, coding, or other support vendor retained

by outside counsel of record to process Litigation Materials or to prepare for trial in this case, or (8) jury consultants retained by outside counsel of record and their necessary support personnel, and mock jurors and focus group participants used by them, who agree to be bound by the terms of this Order; or

b. "CONFIDENTIAL" to any persons other than (1) the individuals identified in Paragraph 7(a) and pursuant to the requirements stated therein, or (2) up to three officers, executives, or managers of the receiving party (any such officer, executive, or manager shall first read the Stipulated Protective Order and execute the Acknowledgment annexed as Exhibit A hereto).

8. All those who receive access to Confidential Information pursuant to this Stipulated Protective Order, including all attorneys, shall abide by and be bound by the provisions of this Stipulated Protective Order and use due care to see that its provisions are known and adhered to by those under their supervision or control.

9. For purposes of paragraphs 7(a) and 7(b), an outside expert or consultant shall be defined as a person who (a) is retained or employed as a bona fide expert or consultant for the purposes of this litigation, by or at the direction of outside counsel for a party, and (b) is not an employee of a party and has not been an employee of a party since this litigation was initiated.

10. A party seeking to disclose Confidential Information to an outside expert or consultant shall first provide the supplier of the Confidential Information with written notice of the expert or consultant's name, present employer and title (if any), and past employers and titles going back five years. If no counsel makes a written objection to the

proposed disclosure within ten (10) calendar days from receipt of such notice, the disclosure may be made, provided that the expert or consultant shall first be furnished with a copy of this Stipulated Protective Order and execute the Acknowledgement attached as Exhibit A hereto.  If an objection is made, the objecting and requesting parties shall confer and attempt to resolve the dispute.  If the parties cannot resolve the dispute, then the dispute may be brought to the Court's attention by strict compliance with L.R. 37, including the joint stipulation requirement.

11.  The originals of executed Acknowledgements shall be retained by the counsel for the party securing the signatures thereto.

12.  No person shall attend portions of depositions during which Confidential Information is disclosed unless such person is an authorized recipient under the terms of this Stipulated Protective Order. If, during the course of a deposition the appropriate response to a question may require the disclosure of Confidential Information, or an answer discloses such information, the witness may refuse to answer or the party whose Confidential Information is being disclosed may instruct the witness not to answer or not to complete his or her answer, as the case may be, until all persons not authorized to receive such Confidential Information have left the room.

13.  Deposition transcripts may be designated either (1) at the time the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by the reporter as directed by the designating party, or (2) by written notice, including a list of the pages and line numbers so designated, to the reporter and each party's counsel, given within thirty (30) days after the transcript is received by the witness or his counsel or by any party or its counsel.  Unless otherwise agreed in writing or ordered, until thirty (30) days after the transmittal of the written transcript of a

deposition to the parties, the transcript and any exhibits prepared at the deposition shall be treated as CONFIDENTIAL—ATTORNEYS' EYES ONLY information.

14. In the event that any Confidential Information is disclosed in any pleading, motion, deposition transcript, or other paper or thing to be filed with the Court, the disclosing papers shall be accompanied by an application, pursuant to Local Rule 79-5, for an order directing that the papers (or at least the confidential portion thereof) be filed under seal.

15. If a party or a supplying person through inadvertence produces any Confidential Information without labeling, marking or otherwise designating it as such in accordance with the provisions of this Stipulated Protective Order, the supplying person or supplying party may give written notice to the receiving party that such information is deemed Confidential Information and should be treated as such in accordance with the provisions of this Stipulated Protective Order. All receiving parties shall treat such information as Confidential Information pursuant to such notice from the date such notice is received, to the extent such information has not been disclosed to persons outside the noticed level of protection. Disclosure of such information, prior to the receipt of such notice, shall not be deemed a violation of this Stipulated Protective Order.

16. A party shall not be obligated to challenge the propriety of a confidentiality designation referred to in this Stipulated Protective Order at the time made, and a failure to do so shall not preclude or in any way prejudice any subsequent challenge. Any party, at any stage of these proceedings, may challenge any designation of Confidential Information by giving written notice to all other parties, and to the supplier of such information if he or she is not a party, of such challenge, including reasons for the challenge. The parties, and the supplying persons or entity if applicable, shall try first to resolve such dispute in good faith on an informal basis, as promptly as is reasonably

possible. If the dispute cannot be resolved informally, the party challenging the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may seek appropriate relief from this Court under Local Rule 37.

17. The restrictions of this Stipulated Protective Order shall not apply to any information or material which becomes known lawfully to the recipient in manner that does not violate the provisions of this Stipulated Protective Order.

18. This Stipulated Protective Order is intended solely to facilitate the preparation and trial of this case and shall not be considered in any way as an admission or agreement by any party that any designated information actually constitutes or contains any privileged, confidential, or proprietary information.

19. This Order shall not affect a party's right (a) to withhold information on grounds of privilege or immunity from discovery, or (b) to reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

20. All Confidential Information disclosed to a receiving party and any notes or other records regarding that information must be maintained in a secure area in the custody of the receiving party's attorneys of record or in a secure area in the custody of the receiving party's expert(s) and/or consultant(s).  Any person with custody of Confidential Information must maintain it in a manner which ensures that access to such information is strictly limited to persons entitled to receive such information in accordance with the provisions of this Stipulated Protective Order.  Paragraph 20 is <u>not</u> applicable to the Court or its personnel.

21. In the event that any person or entity violates or threatens to violate any term of this Stipulated Protective Order, the parties agree that the aggrieved party shall be entitled to obtain injunctive relief against such actual or threatened violation.

22. Within sixty (60) days after the final termination of this action (including all appeals), each party shall assemble all Litigation Materials furnished or designated by any other person as containing Confidential Information and shall, at the election of the receiving person, either destroy or return to the supplying person any originals and all copies of such Litigation Materials. This paragraph 22 is <u>not</u> applicable to the Court or its personnel.

23. Notwithstanding the foregoing, the attorneys of record for each party shall be entitled to retain all pleadings, motion papers, court filings, deposition transcripts (and exhibits), legal memoranda, correspondence, notes, and work product.

24. If any person or party having possession, custody or control of any document or information produced in this action and designated CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" receives a subpoena or other process or order to produce such information, such person or party shall timely notify the attorneys of record of the disclosing party, shall timely furnish those attorneys with a copy of the subpoena or other process or order, and shall cooperate respecting any lawful procedure sought to be pursued by the disclosing party to prevent the production of such information.

25. This Order shall not bar any attorney herein in the course of rendering advice to his client respecting this litigation from conveying to the client his evaluation in a general way of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the

attorney shall not disclose the specific contents of any Confidential Information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

26. Nothing herein shall abridge the right of any person to seek a modification of this Stipulated Protective Order.

27. The terms and provisions of this Stipulated Protective Order shall survive the termination of this action, and its terms and conditions shall be binding on the parties and on anyone else to whom Confidential Information is disclosed.

**IT IS SO ORDERED.**


DATED: December 8, 2010            _____/s/_____
                                    The Honorable Jay C. Gandhi
                                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAURY MICROWAVE, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FOCUS MICROWAVES, INC., a Canadian Corporation also known as Focus Micro Ondes Inc.,<br><br>Defendant. | CASE NO.: CV 10-3902 MMM (JCGx)<br><br>**ACKNOWLEDGMENT OF NONDISCLOSURE UNDER PROTECTIVE ORDER** |

I, _____ (name), acknowledge that I have received and read a copy of the Stipulated Protective Order entered in the action presently pending in the United States District Court for the Central District of California, entitled *Maury Microwave, Inc. v. Focus Microwaves, Inc.*, Case No. CV 10-3902 MMM (JCGx). I agree to comply with and be bound by this Stipulated Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Central District of California with respect to any action arising out of any claim of violation of the Stipulated Protective Order.

Date _____   Signature _____