Michael R. Annis (admitted *pro hac vice*)
mike.annis@huschblackwell.com
Robert Haldiman ((admitted *pro hac vice*)
bob.haldiman@huschblackwell.com
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, 6th Floor
St. Louis, Missouri 63105
(314) 480-1500
Facsimile: (314) 480-1505

Stephen M. Lobbin (CA Bar #181195)
sml@eclipsegrp.com
Travis J. Burch (CA Bar #216175)
tjb@eclipsegrp.com
**THE ECLIPSE GROUP, LLP**
1920 Main Street, Suite 150
Irvine, California 92614
Telephone: (949) 851-5000
Facsimile: (949) 851-5051

Attorneys for Defendant **FOCUS MICROWAVES, INC.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **MAURY MICROWAVE, INC.**,<br><br>Plaintiff,<br><br>vs.<br><br>**FOCUS MICROWAVES, INC.**,<br><br>Defendant. | CASE NO.: CV10-3902 MMM (JCGx)<br><br>**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE WHY EXPERT WITNESS SHOULD NOT BE APPOINTED BY THE COURT** |

Defendant Focus Microwaves, Inc. ("Defendant" or "Focus"), by and through its undersigned counsel, submit the following response to the Court's Order of December 9, 2010 (the "Show Cause Order") [Document 27] to Show Cause Why Expert Witness Should Not Be Appointed by the Court.

### A. Background.

Plaintiff Maury Microwave, Inc. ("Maury") has placed at issue in this case its own prototype microwave tuner seeking, *inter alia*, a declaration that it does not infringe two patents belonging to Defendant. According to the allegations of Plaintiff's Amended Complaint, Maury has made and offered for sale a microwave tuner, specifically model MT982M (the "Maury Tuner") that is subject to the requested declaration. There is only one Maury Tuner in existence -- it is located at Maury's facilities in Ontario, California.

Focus has requested that it enter Maury's Ontario facility to inspect and test the Maury Tuner pursuant to Fed. R. Civ. P. 34. Focus has provided in detail the tests to be done in its Rule 34 request.

The parties negotiated resolutions to multiple disputed issues, with two issues remaining unresolved as of their report to the Court of December 6, 2010 [Document 26]; (1) whether Focus should be allowed to remove an optical limit switch from the Maury Tuner during its Rule 34 inspection of it; and (2) whether Focus should be allowed to use control equipment to operate the tuner during the inspection that is different from the control equipment provided by Maury.

The Court issued its Show Cause Order on December 9, 2010.

The parties continue to disagree as to theories of infringement or non-infringement in the case at large, of course. Maury continues to argue its theory of non-infringement as relevant to a response to the Court's Show Cause Order. Focus would point out that the '293 patent expressly labels the controller as "optional" in figures 3 and 4, and concludes its specification with the statement, "It should be apparent that the controller 19 referred to in the present invention can be embodied as software adapted to run on a typical personal computer." *See*, the '293 patent, Column 7, lines 4 - 6. Clearly, the claims cover what the tuner is, not

what the tuner does when operated as Maury operates it during demonstrations. Because the '293 claims cover a tuner that may be operated by an optional controller that may be stock or may be adapted on a personal computer, testing the accused tuner with non-Maury control equipment is probative of infringement.

However, with regard to the two remaining issues concerning the inspection which prompted the Court's Show Cause Order, the parties have now negotiated a resolution to these issues, which resolution is recorded in the parties' stipulation of fact, filed contemporaneously herewith.

**B.     The Court Should Not to Appoint a Technical Expert Witness at This Time.**

The immediate circumstance prompting the Court's Show Cause Order, as understood by Focus, was the dispute over two inspection and testing procedures, and certain conflicting representations of the parties in their Report of December 6, 2010. The parties' stipulation renders moot that dispute. Because no disputes remain between the parties over Focus' requested inspection and testing, Focus believes there is no present cause for appointing an expert.

Focus believes that the added expense and delay inherent in selecting, briefing and addressing technical issues with the expert and then receiving a report from an expert is unwarranted at this time. In fact, such an appointment may even be counterproductive to either proceeding with the work to be done to meet the Court's current Scheduling Order or to engage in fully informed talks on alternate resolutions of the litigation.

Under these circumstances, Focus believes the Court should exercise its discretion to follow the rule and not the exception at this time, and permit the parties to proceed without appointing an expert.

Alternatively, the parties could provide a tutorial to the Court on the technology at issue and how the parties' tuners operate. Focus would be pleased to present, or participate in a joint presentation with Maury, a tutorial for the Court.

### C.  Proposed Technical Expert

The Court's Show Cause Order directs that the parties propose an expert for the Court's consideration. For this purpose, Focus proposes:

Professor Dr. – Ing. Dimitris Pavlidis

Technische Universitat Darmstadt

Merckstrasse 25

64283 Darmstadt,

Some of Dr. Pavlidis' qualifications may be viewed at

http://www.hfe.tu-darmstadt.de/index.php?id=208&L=&tx_mitarbeiterverwaltung_pi1%5BshowUid%5D=1

or,

Dr. Slim Boumaiza

Department of Electrical and Computer Engineering

University of Waterloo

200 University Avenue West

Waterloo, Ontario, Canada N2L 3G1

Some of Dr. Boumaiza' qualifications may be viewed at

http://www.ece.uwaterloo.ca/People/faculty/boumaiza.html

**D. Other Agreements of the Parties**

The parties have further agreed that the inspection of the Maury Tuner may proceed on January 6 or 7, 2011, pending the court's approval. The parties have further agreed that due to the delay in proceeding with Focus' requested Rule 34 inspection, that the deadlines for submitting infringement and invalidity contentions be reset to January 14, 2011, pending the court's approval, and that the deadline for Amending Pleadings be reset to January 14, 2011, pending the court's approval, and that responses to the presently outstanding written discovery requests of both parties be served by January 21, 2011. The parties agree that all later deadlines in the Scheduling Order are to remain unchanged.

**E. Conclusion**

WHEREFORE, having responded to the Courts Show Cause Order, Focus, seeks the Court's Orders that:
1) The Stipulation of the parties be accepted pursuant to L.R. 7-1;
2) No expert witness be appointed at this time;
3) Focus' inspection and testing of the Maury Tuner proceed;
4) The Court Amend its Scheduling Order such that the parties may serve their infringement and invalidity contentions on January 14, 2011; and
5) The parties may file their amended pleadings on January 14, 2011.
And for such other and further relief that the Court deems proper.

DATED: December 15, 2010

**HUSCH BLACKWELL LLP**

By: /s/ Robert C. Haldiman

Robert C. Haldiman
(admitted *pro hac vice*)

Attorney for Defendant
**FOCUS MICROWAVES, INC.**