JS-6

GARY A. CLARK, Cal. Bar No. 65455
gclark@sheppardmullin.com
DARREN M. FRANKLIN, Cal. Bar No. 210939
dfranklin@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Plaintiff and Counter-Defendant
MAURY MICROWAVE, INC.

Michael R. Annis (admitted pro hac vice)
mike.annis@huschblackwell.com
Robert Haldiman (admitted pro hac vice)
bob.haldiman@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, 6th Floor
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

Attorneys for Defendant and Counterclaimant
FOCUS MICROWAVES INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MAURY MICROWAVE, INC., a California corporation,

Plaintiff,

v.

FOCUS MICROWAVES INC., a Canadian corporation also known as Focus Micro Ondes Inc.,

Defendant.

AND RELATED COUNTERCLAIMS.

Case No. CV 10-3902 MMM (JCGx)

**[~~PROPOSED~~] FINAL JUDGMENT AND PERMANENT INJUNCTION**

Hon. Margaret M. Morrow

WHEREAS, the Court entered its CLAIM CONSTRUCTION ORDER on July 30, 2012 (D.I. 227); and

WHEREAS, the Court entered its ORDER ON MOTIONS FOR SUMMARY JUDGMENT on July 30, 2012 (D.I. 228); and

WHEREAS, Plaintiff and Counter-Defendant Maury Microwave, Inc. ("Maury") and Defendant and Counterclaimant Focus Microwaves Inc. ("Focus") have stipulated to entry of final judgment.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the following Final Judgment and Permanent Injunction in favor of Maury and against Focus is hereby granted:

1. This Court has jurisdiction over the subject matter of this action under the laws of the United States concerning actions relating to federal questions, 28 U.S.C. § 1331, and patents, 28 U.S.C. § 1338(a), and under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), and (d).

3. The Court has personal jurisdiction over the parties.

4. Based upon this Court's Claim Construction Order [D.I. 227], this Court held that Maury has not infringed any claim of Focus' U.S. Patent No. 6,674,293 ("the '293 patent") as a result of making, using, offering for sale, selling, importing, initializing, or calibrating the Series MT982M tuner.

5. Based upon this Court's Claim Construction Order, this Court held that Maury has not infringed any claim of Focus' U.S. Patent No. 7,034,629 ("the '629 patent) as a result of making, using, offering for sale, selling, importing, initializing, or calibrating the Series MT982M tuner.

6. Based upon this Court's Claim Construction Order, this Court held that the '629 patent, and each of its claims, is invalid.

7. Based upon this Court's Claim Construction Order, this Court held that Focus has infringed claim 1 of Maury's U.S. Patent No. 7,548,069 ("the '069 patent") as a result of its offer for sale to Northrop Grumman.

8. Focus, its officers, agents, servants, employees, subsidiaries, assignees, and acquirers, and those persons in active concert or participation with them, are permanently enjoined from making, using, offering for sale, or selling an IV probe or wave probe in the United States, or importing an IV probe or wave probe into the United States, whether individually or as part of another device, effective immediately and until the expiration of claim 1 of the '069 patent by termination, lapse, abandonment, a final, non-appealable declaration of invalidity or other means.

9. In the event that claim 1 of the '069 patent expires, terminates, or lapses as provided in paragraph 8, this injunction shall no longer be in force. Maury Microwave shall retain the right to sue for infringement of any unexpired claims in the '069 patent.

10. Maury's claim for a declaratory judgment of invalidity respecting the '293 patent is dismissed, without prejudice.

11. Maury's claim for induced infringement respecting the '069 patent is dismissed, without prejudice.

12. The Court shall have continuing jurisdiction to enforce the terms of this Final Judgment and Permanent Injunction.

13. Each party shall bear its own attorneys' fees incurred in connection with this action. Costs in the amount of $15,000.00 shall be allowed to Maury as the prevailing party.

///

///

///

///

14. This Final Judgment disposes of all remaining claims in this case.

Dated: August 30, 2012

Margaret M. Morrow
UNITED STATES DISTRICT JUDGE

Presented by:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Darren M. Franklin
Darren M. Franklin

Attorneys for Plaintiff and Counter-Defendant MAURY MICROWAVE, INC.